**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Harris Liddell, | ) | CASE NO.:   2:26-cv-01253-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **COMPLAINT** |
| | ) | (Jury Trial Requested) |
| College of Charleston and Wesley Funsch, | ) | |
| Individually and in his Official Capacity | ) | |
| as Legal Residency Coordinator, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CAUSES OF ACTION, JURISDICTION AND VENUE**

1. This suit is authorized by 42 U.S.C. § 1983, which provides a cause of action for any person whose rights under the Constitution or laws of the United States are violated by any person acting under color of state law.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy as Plaintiff's federal claims.

4. Venue is proper in this Court because Plaintiff resides in this District and this Division, the events giving rise to this action occurred in this District and Division, and Defendants are located in this District and Division.

**PARTIES**

5. Plaintiff Harris Liddell is a citizen of the United States and South Carolina and is a resident of Charleston County.

6. Defendant College of Charleston is a public institution of higher education, established and operated by the State of South Carolina, with its principal place of operations located in Charleston County, South Carolina.

7. Defendant Wesley Funsch is sued in his individual and official capacities as Legal Residency Coordinator for the College of Charleston. Defendant Funsch is responsible for reviewing and making determinations on residency applications for in-state tuition purposes. Defendant Funsch is a citizen and resident of South Carolina.

## FACTS

8. Plaintiff is a student at the College of Charleston.

9. Plaintiff has a South Carolina driver's license.

10. Plaintiff pays South Carolina state taxes and has filed taxes in South Carolina since 2023.

11. Plaintiff is employed at Lillian's Petite Market & Eatery, a business with its principal place of business in Charleston, South Carolina.

12. Plaintiff has a South Carolina certificate of title for his car.

13. Plaintiff and his father, as tenants in common, purchased a piece of real property in Charleston County, South Carolina, with a street address of 120 Alexander Street, Charleston, South Carolina 29403 (the "Property").

14. Plaintiff and his father financed the purchase of the Property using a purchase money mortgage.

15. Plaintiff has lived in the Property since 2023.

16. Plaintiff has and has had at all times relevant to this dispute, an intent to remain permanently in South Carolina.

17. Plaintiff, at all times relevant to this dispute, has paid for more than one-half (1/2) of his personal expenses, tuition, and associated fees, using income from his employment, student loans, credit cards, and rental income from his interest in the Property.

18. The South Carolina Commission on Higher Education has published regulations for determining whether a student qualifies for in-state tuition at a South Carolina institution. These regulations are codified at S.C. Code Ann. § 59-112-20.

19. These regulations establish objective criteria for determining whether a student qualifies as a South Carolina resident for tuition purposes, including requirements related to domicile, physical presence, and financial independence.

20. Upon enrollment at the College of Charleston, Plaintiff entered into a contractual relationship with the College, whereby the College agreed to provide educational services and apply its rules, regulations, and policies, including those governing residency determinations, in good faith and in accordance with applicable state law and regulations.

21. Plaintiff applied for South Carolina residency with Defendant College for the Fall 2024 semester.

22. Following the denial of Plaintiff's Fall 2024 semester in-state tuition application, Defendant Wesley Funsch and Plaintiff's father engaged in a contentious discussion regarding Plaintiff's residency application.

23. Plaintiff reapplied for in-state tuition for the Spring 2025 semester.

24. Plaintiff's application for in-state tuition for the Spring 2025 semester was denied.

25. Plaintiff appealed this decision, submitting more documentation establishing his South Carolina domicile, but Plaintiff's appeal was denied.

26. Plaintiff applied for in-state tuition for the Fall 2025 semester.

27. On August 12, 2025, Defendant Funsch communicated with Plaintiff via email that his South Carolina Residency Application for the Fall 2025 semester was denied ("Email Denial").

28. Defendant Funsch's Email Denial cited Plaintiff's lack of financial independence as the basis for Plaintiff's disqualification for South Carolina residency.

29. Defendant Funsch's Email Denial stated that "since your parent's gifted you the house (or the funds to purchase the house), you cannot use the income from renters to count as earned income for calculating your financial independence, and it is their domicile that you are claiming."

30. Defendant Funsch's statement was incorrect, as Plaintiff has not received any funds from his parents to purchase his interest in the Property.

31. Plaintiff financed the purchase of his interest in the Property via the Mortgage.

32. The regulations promulgated by the Commission on Higher Education do not prohibit students from using rental income from property they own as evidence of financial independence, nor do they contain a prohibition against counting income from property purchased with borrowed funds.

33. Defendant Funsch's determination was based on criteria and assumptions not authorized by the South Carolina Commission on Higher Education's regulations governing residency determinations.

34. Plaintiff has personal knowledge of classmates with near-identical financial and residency situations that were granted in-state tuition.

35. Upon information and belief, following the contentious interaction between Plaintiff's father and Defendant Funsch regarding Plaintiff's residency status, Defendants have

embarked on a pattern of unjustified denials that materially deviated from the treatment afforded to similarly situated applicants.

36. Defendants' repeated denials of Plaintiff's residency applications, despite Plaintiff's satisfaction of all regulatory requirements, constitute arbitrary and capricious action.

**FIRST CAUSE OF ACTION**
**(FOURTEENTH AMENDMENT EQUAL PROTECTION)**

37. Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 36 as if repeated verbatim.

38. The Fourteenth Amendment to the Constitution of the United States provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws."

39. The Equal Protection Clause requires that persons who are similarly situated be treated in the same manner. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

40. While a State has a legitimate interest in protecting and preserving the quality of its colleges and universities and the right of its own bona fide residents to attend such institutions on a preferential tuition basis, *Vlandis v. Kline*, 412 U.S. 441, 452-53 (1973), classifications in the provision of important benefits must be rationally related to legitimate state interests and applied in a consistent manner.

41. Plaintiff has satisfied the established criteria to establish South Carolina residency for in-state tuition purposes under the regulations set forth by the South Carolina Commission on Higher Education.

42. Plaintiff has personal knowledge of classmates who are in near-identical situations as him regarding residency applications, whose applications for in-state tuition have been approved by Defendants.

43. Defendants' classification of Plaintiff's residency has not been guided by a legitimate application of the College's residency criteria, but rather by personal animosity caused by Defendant Funsch's conversation with Plaintiff's father, along with other factors outside the scope of the residency determination criteria.

44. Defendants' denial of Plaintiff's residency applications, while granting similar applications from similarly situated students, constitutes arbitrary and capricious decision-making that violates the Equal Protection Clause of the Fourteenth Amendment.

45. Defendants' actions have deprived Plaintiff of equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States.

**SECOND CAUSE OF ACTION**
**(FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS)**

46. Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 45 as if repeated verbatim.

47. The Fourteenth Amendment to the Constitution of the United States provides that no State shall "deprive any person of life, liberty, or property, without due process of law."

48. Plaintiff, as a South Carolina resident, has a protected property interest in being classified as a South Carolina resident for tuition purposes, having satisfied all regulatory requirements for such classification. *See Vlandis v. Kline*, 412 U.S. 441 (1973).

49. Defendants' denial of Plaintiff's residency applications was based on factually incorrect information, including the false contention that Plaintiff's parents gifted him the property or funds to purchase the property.

50. Plaintiff attempted to correct this incorrect information several times, both through the appeals process and various conversations with Defendants, however, Defendants failed to

provide Plaintiff with a meaningful opportunity to correct factual errors in the decision-making process.

51. Defendants' reliance on demonstrably false factual premises and failure to provide adequate procedural safeguards deprived Plaintiff of his property interest without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

### THIRD CAUSE OF ACTION
### (FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS)

52. Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 51 as if repeated verbatim.

53. The Due Process Clause of the Fourteenth Amendment protects individuals against arbitrary and irrational government action.

54. Plaintiff satisfied all objective criteria established by state regulation for classification as a South Carolina resident for tuition purposes.

55. Despite Plaintiff's clear satisfaction of these criteria, Defendants repeatedly denied Plaintiff's residency applications based on factually incorrect assumptions and criteria not found in applicable state regulations.

56. Defendants' denial of Plaintiff's residency applications based on clearly erroneous facts, such as the assertion Plaintiff's parents gifted him property or funds when clear evidence showed Plaintiff financed his interest via a mortgage, constitutes arbitrary and irrational government action.

57. Defendants' treatment of Plaintiff, particularly when contrasted with their approval of residency applications from similarly situated students, demonstrates action driven by personal animus rather than legitimate regulatory criteria.

58. Defendants' conduct in this matter is so egregious and arbitrary that it violations the substantive due process protections under the Fourteenth Amendment to the Constitution of the United States.

## FOURTH CAUSE OF ACTION
### (ULTRA VIRES)

59. Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 58 as if repeated verbatim.

60. The South Carolina Commission on Higher Education possesses statutory authority to promulgate regulations governing residency determinations for in-state tuition purposes, and has established regulations setting forth the criteria and procedures for residency determinations. S.C. Code Ann. § 59-112-10 et seq.; S.C. Code Ann. Regs. 62-600 et seq.

61. Defendant Funsch, as Legal Residency Coordinator, is authorized only to apply the criteria established by the Commission's regulations in making residency determinations.

62. Defendant Funsch is not authorized to create additional criteria, impose requirements not found in the regulations, make determinations based on assumptions contrary to documented facts, or make determinations based on personal animosity toward an individual.

63. Defendant Funsch exceeded his lawful authority by denying Plaintiff's residency applications based on the assertion that income from property purchased with borrowed funds cannot count toward financial independence.

64. Defendant Funsch exceeded his lawful authority by denying Plaintiff's residency applications based on the factually incorrect assertion that Plaintiff's parents gifted him property or funds, when objective documentary evidence establishes that Plaintiff financed his property interest through a mortgage.

65. Defendant Funsch exceeded his lawful authority by imposing eligibility criteria beyond those established by the Commission on Higher Education.

66. Defendant Funsch's ultra vires actions have caused direct harm to Plaintiff by denying him residency status to which he is entitled under applicable state regulations.

67. Defendant College is vicariously liable for Defendant Funsch's ultra vires acts performed within the scope of his employment.

**FIFTH CAUSE OF ACTION**
**(BREACH OF CONTRACT)**

68. Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 67 as if repeated verbatim.

69. The relationship between a college or university and its students is contractual in nature. The terms of this contract include the institution's policies, procedures, regulations, and representations contained in official publications such as catalogs, handbooks, and websites.

70. Upon Plaintiff's enrollment at the College of Charleston, Plaintiff and Defendant College entered into a binding contract whereby Plaintiff agreed to pay tuition and fees and comply with the College's academic and behavioral requirements, and Defendant College agreed to provide educational services and opportunities to Plaintiff.

71. As part of this contractual relationship, Defendant College agreed to apply its rules, regulations, and policies, including those governing residency determinations, in good faith and in accordance with applicable state law and regulations promulgated by the South Carolina Commission on Higher Education.

72. Defendant College's published materials and policies incorporate by reference the residency regulations promulgated by the Commission on Higher Education and represent that residency determinations will be made in accordance with those regulations.

73. Plaintiff has performed all obligations required of him under the contract with Defendant College, including payment of tuition and fees, compliance with academic requirements, and submission of all required documentation in support of his residency applications.

74. Defendant College breached its contractual obligations to Plaintiff by failing to apply the Commission's residency regulations in good faith.

75. Defendant College breached its contractual obligations to Plaintiff by denying his residency applications based on criteria not found in the applicable regulations and based on factually incorrect assumptions contrary to documented evidence.

76. Defendant College breached its contractual obligations to Plaintiff by treating him differently from similarly situated students whose residency applications were approved despite near-identical factual circumstances.

77. Defendant College breached its implied covenant of good faith and fair dealing by acting arbitrarily and in bad faith in evaluating Plaintiff's residency applications, particularly following the contentious interaction between Defendant Funsch and Plaintiff's father.

78. As a direct and proximate result of Defendant College's breach of contract, Plaintiff has suffered damages in the form of having to pay out-of-state tuition rates rather than in-state tuition rates, resulting in thousands of dollars in excess charges for each semester since Fall 2024.

79. Plaintiff is entitled to damages in an amount equal to the difference between out-of-state and in-state tuition rates for all semesters affected by Defendant College's breach.

## SIXTH CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

80. Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 79 as if repeated verbatim.

81. An actual, justiciable controversy exists between Plaintiff and Defendants regarding: (a) whether Plaintiff has satisfied the regulatory requirements for classification as a South Carolina resident for in-state tuition purposes.

82. Plaintiff is entitled to a declaration from this Court that he has satisfied all requirements established by the South Carolina Commission on Higher Education for classification as a South Carolina resident for in-state tuition purposes.

83. A declaration of Plaintiff's rights is necessary and appropriate to resolve the ongoing controversy between the parties and to provide a basis for prospective relief.

## RELIEF

84. Plaintiff respectfully requests the following relief:

    a. Declaratory judgment that Plaintiff has satisfied all requirements for classification as a South Carolina resident for in-state tuition purposes under the regulations promulgated by the South Carolina Commission on Higher Education;

    b. Declaratory judgment that Defendants' denial of Plaintiff's residency applications violated the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment to the Constitution of the United States;

    c. Declaratory judgment that Defendant Funsch acted ultra vires in denying Plaintiff's residency applications based on criteria not authorized by state regulation;

d.  Judgments against Defendants for all actual, special, general, incidental, consequential, punitive, and statutory damages;

e.  Attorney's fees and costs; and

f.  Such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

s/ Hal E. Cobb, Esq._____
Hal E. Cobb, Esq. (ID# 12065)
Cobb Hammett Law Firm
222 W. Coleman Blvd.
Mt. Pleasant, SC 29464
hcobb@cobbhammett.com
843-327-5777
***Attorney for Plaintiff***

March 23, 2026
Mount Pleasant, SC